UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANIEL EDWARDS, JR., ET AL. | § |
| | § |
| v. | § CIVIL NO. 4:19-CV-140-SDJ |
| | § |
| JUNIOR STATE OF AMERICA | § |
| FOUNDATION, ET AL. | § |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

Before the Court are two motions submitted by Defendant Junior State of America Foundation ("JSA"): first, JSA's Motion to Compel Production of Electronic Files from Plaintiff Daniel Edwards, Jr., (Dkt. #70), and second, JSA's Motion for Sanctions against Plaintiff Daniel Edwards, Jr., (Dkt. #71). After due consideration, the Court finds both motions well taken and thus that each motion should be granted.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense, so long as the information sought is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Here, Defendant JSA timely served upon Plaintiffs interrogatories and requests for production on December 11, 2019. (Dkt. #44). JSA's requests for production solicited, among other things, native electronic files from Plaintiff Daniel Edwards, Jr.'s Facebook Messenger account, containing communications to other JSA students, including Cole Harper, during the relevant time period. (Dkt. #70 at 4; Dkt. #70-1 at 6–8). Plaintiff Daniel Edwards, Jr. has failed to respond to or otherwise comply with these requests. *See* (Dkt. #70 at 4). JSA now moves to compel production of these files. (Dkt. #70 at 4; Dkt. #70-1 at 6–8).

The parties do not dispute that communications sought in Requests for Production 6–15 are both relevant to the case and nonprivileged. *See, e.g.*, (Dkt. #70 at 4). However, Plaintiffs' counsel has intimated that the requests are overly broad, (Dkt. #70 at 6), and thus not proportional to the needs of the case.

The Court first notes that the party to whom a request for production is directed—here Daniel Edwards, Jr.—must respond in writing within thirty days after being served. FED. R. CIV. P. 26(b)(2)(A). When a party fails to timely respond to requests for production, it waives any objections to such requests. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). To date, more than ten months have passed since JSA served Plaintiffs with its aforementioned discovery requests, (Dkt. #44), and Plaintiff Daniel Edwards, Jr. has flatly failed to respond to or otherwise comply in any way with JSA's discovery requests. *See* (Dkt. #70 at 4). Thus, Daniel Edwards, Jr.'s objections, if any, to JSA's discovery requests may properly be deemed waived.

In any event, the Court finds that JSA's Requests for Production 6–15 are not overbroad, but instead are proportional to the needs of the case. When considering the "proportionality" of information sought under Rule 26(b), courts consider such factors as the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 325 F.R.D. 578, 591–92 (N.D. Tex. 2017). Here, Plaintiffs bring suit under 42 U.S.C. §§ 1981 and 1985, alleging that Defendants (including, but not limited to, JSA, Cole Harper, and Benita Harper) violated, and conspired to violate, Plaintiffs' civil rights by committing racially discriminatory acts during and through

JSA. (Dkt. #35 at 1). Central to Plaintiffs' legal claim is the allegation that Cole Harper sent messages to Daniel Edwards, Jr. containing racist and homophobic epithets, to which JSA—purporting to find no credible evidence of such messages—was allegedly complicit. (Dkt. #35 at 4). Plaintiffs purported to make available proof of such messages by providing photocopies of an alleged Facebook-message exchange between Edwards, Jr. and Harper. (Dkt. #70 at 2). In response, JSA served upon Plaintiffs requests for production, seeking, among other things, native files that would tend to prove the authenticity of the alleged exchange between Edwards, Jr. and Harper. (Dkt. #70-1 at 6–8).

Because the alleged communications were made in a private message, discovery is necessary to establish whether an authentic record of such communications exists. Further, Daniel Edwards, Jr., as a member of the private message thread and Claimant, is best situated to offer evidence of such communications. Given that the communications described in JSA's Motion to Compel—in particular request for production 6—are central to the instant litigation, and given the relative access to such communications by Daniel Edwards, Jr., Claimant, the Court concludes that JSA's Requests for Production 6–15 are proportional to the needs of the case, as well as relevant and nonprivileged, and are thus discoverable. Because the information described in Requests for Production 6–15 is discoverable, and Plaintiff Daniel Edwards, Jr. has failed to respond to or comply in any way with such requests, this supports the Court's granting of JSA's Motion to Compel, (Dkt. #70).

Finally, when a court grants a party's motion to compel production under Federal Rule of Civil Procedure 37(a)(3), Rule 37(a)(5)(A) authorizes the court to order the non-movant to pay any reasonable expenses incurred by the movant in rendering the motion, including attorney's fees. FED. R. CIV. P. 37(a)(3), (5). JSA has adequately proven through exhibits attached to its Motion to Compel that the $7,500 requested reflects reasonable expenses incurred by the movant for counsel to draft, file, and appear in court to argue on behalf of JSA's motions to compel and for sanctions. (Dkt. #71-1 at 3). Additionally, Plaintiffs have not contested or controverted this evidence in any filing or hearing before the Court.

In light of the above law and facts, the Court concludes that both Defendant JSA's Motion to Compel, (Dkt. #70), and Motion for Sanctions, (Dkt. #71), should be **GRANTED**. It is therefore **ORDERED** that Plaintiff Daniel Edwards, Jr. produce the materials requested in Defendant JSA's Requests for Production 6–15, (Dkt. #70-1 at 6–8), by no later than **October 30, 2020**. It is further **ORDERED** that, by no later than **October 30, 2020**, Plaintiff Daniel Edwards, Jr. pay $7,500 in sanctions to reimburse JSA's reasonable expenses and attorney's fees incurred in rendering and arguing on behalf of JSA's motion to compel.

**So ORDERED and SIGNED this 13th day of October, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE